IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kristen L. Mix**

Civil Action No. 08-cv-01755-KLM

TIMOTHY W. OSBORN,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.
_____

**ORDER AFFIRMING COMMISSIONER**
_____

**Mix, M.J.**

    The matter before me is Plaintiff's Complaint [#1], filed August 18, 2008, seeking review of the Commissioner's decision denying Plaintiff's claims for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* (the "Act"). I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g), pursuant to the parties' consent to the jurisdiction of a Magistrate Judge. 28 U.S.C. § 636(c) and D.C.COLO.LCivR. 72.2. The matter has been fully briefed, and oral argument was held on April 8, 2009. I affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff is 52 years old and alleges that he is disabled as a result of a back condition, neck condition, mental condition and knee condition. In 1991, the Commissioner found that Plaintiff was disabled as of January 23, 1990 due to a back impairment (the "First Application"). In April of 1995, the Commissioner conducted a continuing disability review

and determined that Plaintiff remained disabled. In May of 2000, the Commissioner conducted a second continuing disability review and determined that Plaintiff's condition had improved and he was no longer disabled within the meaning of the Act as of June 1, 2000. An Administrative Law Judge ("ALJ") affirmed the Commissioner's decision in August of 2002. Plaintiff appealed and ultimately sought judicial review. In August of 2004, the District Court remanded the case for a new evaluation of disability. On remand, the Appeals Council ordered the ALJ to consider whether Plaintiff's subsequent application for disability benefits, described below, should be consolidated with the appeal of the First Application.

In May of 2004, prior to the District Court's decision to remand the First Application case for further proceedings, Plaintiff filed a new application for disability insurance benefits and alleged that he became disabled on August 8, 2002 as a result of back, neck, knee and mental impairments (the "Second Application"). Pursuant to the Second Application, the alleged onset date of Plaintiff's disability was the day after the ALJ's decision affirming the Commissioner's decision that Plaintiff was no longer disabled regarding the First Application.

In January of 2005, the Commissioner considered the Second Application and determined that Plaintiff was not disabled. Plaintiff appealed. After two hearings held in September of 2005, the ALJ issued a decision dated December 14, 2005 consolidating both the First and Second Applications, in response to the previous direction of the Appeals Council. In that decision, the ALJ determined that Plaintiff was not disabled within the meaning of the Act on or before his insured status expired (September 30, 2005). Plaintiff appealed. In May of 2006, the Appeals Council remanded the case to a different ALJ for

further proceedings.  After two hearings, one in November of 2007 and one in January of 2008, a different ALJ issued a decision dated March 25, 2008 finding that, with respect to Plaintiff's First Application, Plaintiff was no longer disabled as of June 1, 2000, and with respect to his Second Application, he was not disabled from the onset date alleged through the date when he was last insured.  The Appeals Council denied Plaintiff's request for review.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See Kelley v. Chater*, 62 F.3d 335, 338 (10th Cir. 1995).

A claimant who has previously been found disabled is subject to periodic review to determine his continuing entitlement to benefits.  *See* 20 C.F.R. § 404.1594(a).  The standards for deciding continuing eligibility apply both when benefits are sought to be terminated and when the Commissioner awards a closed period of benefits.  *Shepherd v.*

*Apfel*, 184 F.3d 1196, 1200 (10th Cir. 1999). Benefits will be discontinued when there has been medical improvement in the claimant's impairments that is related to the ability to do work. 20 C.F.R. § 404.1594(a). "Medical improvement" is any decrease in the medical severity of the impairments based on changes in the symptoms, signs, and/or laboratory findings associated therewith. *Id.* § 404.1594(b)(1). Medical improvement is related to the ability to do work if these changes correspond to an increase in the claimant's functional capacity to perform basic work activities. *Id.* § 404.1594(b)(3) & (b)(4).

With respect to Plaintiff's First Application, the Commissioner has established a seven-step sequential evaluation process for determining whether a claimant who has previously been found disabled has experienced medical improvement related to the ability to do work:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimant's impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 3. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must then determine whether there has been any medical improvement in that condition.
>
> 4. If there has been medical improvement, the ALJ must consider whether such improvement is related to the ability to work.
>
> 5. If the ALJ finds that the claimant has experienced medical improvement related to the ability to work, he must then determine whether all current impairments are severe.
>
> 6. If the claimant's remaining impairments are severe, the ALJ must determine whether the claimant can perform his past work despite any limitations.

> 7. If the claimant does not have the residual functional capacity ("RFC") to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1594(f)(1)-(8); *see also Hayden v. Barnhart*, 374 F.3d 986, 988 (10th Cir. 2004). The Commissioner bears the burden of demonstrating that the claimant has experienced medical improvement such that he now can engage in substantial gainful activity. 20 C.F.R. § 404.1594(b)(5); *Glenn v. Shalala*, 21 F.3d 983, 987 (10th Cir. 1994); *Underwood v. Shalala*, 985 F. Supp. 970, 977 (D. Colo. 1997).

With respect to Plaintiff's Second Application, the Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f); *see also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir.

1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision on both applications at issue here is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III. LEGAL ANALYSIS

Plaintiff's briefs are not models of clarity. Reduced to their core, Plaintiff's

arguments are that the ALJ who issued the March 28, 2008 decision regarding his First and Second Applications failed to properly assess: all medical evidence, the combination of Plaintiff's impairments, medical source opinions, Plaintiff's credibility and RFC, and Plaintiff's disability rating issued by the Veteran's Administration.  As noted by Defendant, Plaintiff's arguments are premised on the assumption that his claims on appeal involve only one time frame spanning the period from the date of the last fully favorable decision in 1995 through his last-insured date (September 30, 2005), or even thereafter.  Plaintiff's assumption is flawed, and his arguments are refuted by the record.

Plaintiff asserts that because the applications at issue involve one time frame spanning more than ten years, evidence dating from after his cessation date of July 2002 and after his last-insured date of September 2005 should relate back and support a finding that his 1995 disability continued beyond 2000.  Plaintiff's authority for this position is *Grogan v. Barnhart*, 399 F.3d 1257 (10th Cir. 2005).  In *Grogan*, the Court concluded that the Commissioner must cover a mental impairment that manifested itself as a disability before the end of the claimant's insurance window "even if that mental impairment was diagnosed after the window had closed."  *Grogan*, 399 F.3d at 1263.  This statement was made in the context of concluding that the Commissioner had committed several errors in reviewing the claim at issue, including "failing to address the medical evidence that did support [claimant's] testimony."  *Id.* at 1266.

*Grogan* does not stand for the proposition that the ALJ must consider the entirety of a claimant's medical history – including post-cessation medical evidence – when conducting a review of a cessation determination.  *Grogan* is specifically limited to examination of a mental impairment "that manifested itself <u>as a disability</u>" before the end

of the claimant's insurance window. *See id.* at 1263 (emphasis added). Those circumstances are not present here. Moreover, to read *Grogan* as Plaintiff desires is contrary to common sense. If an ALJ were required to consider the claimant's post-cessation medical history when reviewing a cessation determination, the ALJ would be required to examine evidence not before the Commissioner at the time of the decision. Such evidence is clearly not relevant to whether, as of a certain date, a disability continued. *See* 20 C.F.R. § 404.1527(b) (noting that the Commissioner considers relevant opinions existing in the record at the time of the determination regarding a the continuing disability). Moreover, if an ALJ were required to consider such evidence, there would never be a point in time at which a determinative cessation decision could be made, because subsequent evidence might refute the evidence gathered to that point. The Act is structured so as to require continuing disability review based upon the accumulated evidence as of the date of such review, not upon subsequent evidence. *See, e.g.*, *id.* § 404.1520(3) (noting that the Commissioner will "consider all evidence in your case record when [he makes] a determination of whether you are disabled"); 42 U.S.C. § 423(5)(B) (noting that the Commissioner "shall consider all evidence available in such individual's case record, and shall develop a complete medical history of at least the preceding twelve months for any case in which a determination is made that the individual is not under a disability").

    **A.**    **The ALJ's Assessment of the Medical Evidence, Medical Source Opinions and the Combination of Plaintiff's Impairments**

Even assuming, *arguendo*, that Plaintiff's contention that the ALJ was obligated to consider the entirety of Plaintiff's lengthy medical history in reaching a conclusion on his First Application is correct, the ALJ's decision makes it clear that he specifically considered

medical evidence that post-dated the cessation decision, including the report of Dr. Moghim dated March 3, 2004, the testimony of Dr. Gurvey provided at the hearing held on September 7, 2005, and the opinion of Dr. Ene dated September 28, 2007. [Tr. 603-604.] Moreover, the ALJ's decision specifically discussed objective findings, diagnoses, and medical source opinions relating to all of Plaintiff's impairments, including his back, neck, knee, hearing and vision problems, as well as his mental health. [Tr. 602-618.] As courts have often noted, I must take the ALJ at his word when he declares that he has considered these matters. *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (citation omitted). His thorough discussion of the evidence and the reasons for his conclusions demonstrate that he considered all of Plaintiff's impairments. *See id.*; [Tr. 598-619.] Because he addressed all of those impairments, there is no basis for concluding that they were not properly considered in combination. *See Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).

20 C.F.R. § 404.1527(d)(2) requires the ALJ to give controlling weight to a treating medical source opinion only if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. If a treating medical source opinion is not given controlling weight, the ALJ must provide "good reasons" why. *See id.* Here, the ALJ provided "good reasons" for not giving controlling weight to the opinions of Dr. Moghim, Dr. Ene and "V. Patel," [Tr. 603-604, 614], as well as an occupational therapist (who, as the ALJ noted, "is not considered an acceptable medical source under social security law.") [Tr. 613-614.] The record provides substantial evidence to support the ALJ's evaluation of the treating physicians' opinions. [Tr. 603-604, 613-614.] Thus, I find no basis for concluding that the ALJ's decision

9

is not supported by ample medical evidence, or that he applied incorrect legal standards.

### B.     The ALJ's Assessment of Plaintiff's Credibility and RFC

Considerations of a claimant's credibility and assessment of his RFC must be based upon all of the evidence.  *Talley v. Sullivan,* 908 F.2d 585, 587 (10th Cir. 1990); *see also* 20 C.F.R. § 404.1546.  Moreover, such credibility determinations are generally treated as binding on review.  *Talley*, 908 F.2d at 587.  I find that the ALJ properly assessed Plaintiff's RFC and ability to perform jobs during the two time periods relevant to this case.

Regarding the First Application, the ALJ determined that Plaintiff retained the RFC for a limited range of light, unskilled work and could perform jobs existing in significant numbers, such as office helper, collator operator and telephone quotation clerk.  [Tr. 602, 610- 618; Findings 6 and 11.]  The ALJ's adoption of the previous ALJ's findings in this regard was proper, because the Appeals Council's remand order had generally accepted those findings, which were supported by substantial evidence in the record.  [Tr. 602, 726-27.]  *See generally Hamilton*, 961 F.2d at 1498 (noting at this stage it is not appropriate to reweigh evidence when the record does not support it); *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991) (noting that the court need not substitute its judgment for that of the agency when such judgment is supported by substantial evidence).  Upon remand, the ALJ considered all evidence relevant to the RFC issue, as he was required to do.  He properly relied on vocational expert testimony that a person of Plaintiff's age, education, past relevant work (none) and RFC, as assessed at that time, could perform jobs existing in significant numbers. [Tr. 602-05.]

Regarding the Second Application, the ALJ considered all relevant evidence in assessing Plaintiff's RFC and credibility.  The ALJ discussed medical evidence of Plaintiff's

physical and mental condition, which did not establish functional limitations so severe as to be disabling within the meaning of the Act. [Tr. 605-18.] This evidence substantially supports the ALJ's findings that Plaintiff's conditions were not disabling. *See Hamilton,* 961 F.2d at 1498 (holding the ALJ may rely on the reports of examining physicians based on objective findings and upholding ALJ's rejection of treating physicians' reports).  The ALJ also relied upon testimony from Drs. Humm and Pelc, who reviewed the medical evidence and determined that Plaintiff was not disabled and his condition did not prevent him from performing a range of unskilled light work, as assessed by the ALJ. [Tr. 605-17; 1662-74; 1676-1712.] *See Richardson v. Perales*, 402 U.S. 398, 408 (1971) (holding that the use of a nonexamining medical expert was not improper, particularly where it does not conflict with available medical reports made by other examining physicians).  The ALJ's decision was further supported by the assessments of Drs. Ketelhohn and Garnand, who reviewed the evidence and determined that Plaintiff, despite his impairments, could perform a range of light, unskilled jobs.  [Tr. 804-29.]  *See id.*, *see also* 20 C.F.R. § 404.1527(f)(2) (noting that findings by State agency medical consultants regarding the nature and severity of an individual's impairments are treated as expert opinions and entitled to weight). The ALJ discussed nonmedical evidence and noted that Plaintiff's allegations were inconsistent with his level of activities and the objective medical findings as to his degree of pain and other subjective symptoms, and that Plaintiff did not consistently follow treatment recommendations.  [Tr. 605-18.]  *See Musgrave*, 966 F.2d at 1376 (evidence of relatively normal activities that are inconsistent with a claimant's allegations may be considered when assessing credibility and RFC); *see also Eggleston*, 851 F.2d at 1247 (a claimant's credibility may be questioned because of inconsistencies between the claimant's testimony

and other evidence of record.) The ALJ properly relied on vocational expert testimony that a person of Plaintiff's age, education, past relevant work (none) and RFC, as assessed at that time, could perform jobs existing in significant numbers. [Tr. 1717-32.] *See Trimiar v. Sullivan*, 966 F.2d 1326, 1329-30 (10th Cir. 1992).

The ALJ fulfilled his duty to weigh the evidence, resolve material conflicts in the record, and decide the case accordingly. His findings are supported by substantial evidence, which I may not reweigh here. *See White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2002); *Hamilton,* 961 F.2d at 1498.

### C. The ALJ's Assessment of Plaintiff's VA Disability Rating

On remand of Plaintiff's case by the Appeals Council in May of 2006, the ALJ was explicitly instructed to consider the Plaintiff's VA disability rating. [Tr. 724-727.] Plaintiff's argument that he failed to do so is without merit. The ALJ not only considered Plaintiff's VA medical records and acknowledged that the VA found him to be 100% disabled according to its standards, but he also discussed the differences between the VA standards and procedures for assessing disability and the Social Security Act standards and procedures for assessing disability. [Tr. 606-13, 1322-31.] The ALJ explained why Plaintiff's VA ratings were not entitled to any weight in a Social Security disability case. *Id.* Even if the ALJ's failure to identify the VA ratings by date was error, it was harmless. *United States v. Wacker*, 72 F.3d 1453, 1473 (10th Cir. 1995) (noting that an error is harmless "unless it had a 'substantial influence' on the outcome or leaves one in 'grave doubt' as to whether it had such an effect" (citation omitted)).

### IV. CONCLUSION

The record contains substantial evidence from which the ALJ concluded that Plaintiff was not disabled within the meaning of the Act during the time periods relevant to this case. The ALJ's decision was based upon substantial evidence and free of reversible legal error.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that Plaintiff's disability ceased as of June 1, 2000 and that he was not disabled at any time from August 8, 2002 through his date last insured is **AFFIRMED**.

Dated:  October 8, 2009, at Denver, Colorado

                                          BY THE COURT:

                                          s/ Kristen L. Mix
                                          Kristen L. Mix
                                          United States Magistrate Judge