IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-01755-KLM

TIMOTHY W. OSBORN,

   Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

   Defendant(s).
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Plaintiff's Motion for Reconsideration** [Docket No. 23; Filed October 24, 2009] (the "Motion").  The Defendant did not file a response, and the Motion is ripe for this Court's consideration.  This matter was assigned to the Court pursuant to the parties' consent to the jurisdiction of a Magistrate Judge.  *See* 28 U.S.C. § 636(c); D.C. Colo. L. Civ. R. 72.2.

The Plaintiff requests that the Court reconsider its Order of October 8, 2009 affirming the cessation of benefits decision entered by the Administrative Law Judge ("ALJ").  A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).  It is well established in the Tenth Circuit that grounds for a motion to reconsider include:  "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948).  Therefore,

a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* The Plaintiff maintains that reconsideration is appropriate because the court made a clear error and that reconsideration is necessary to prevent manifest injustice.

Plaintiff argues that the Court made a clear error because it did not make findings of fact and conclusions of law as a part of its judicial review of the Plaintiff's case. Plaintiff includes extensive quotes from his medical records and maintains the Court erred in not discussing those portions of his records. A court reviewing the Commissioner's disability decision does not make findings of fact and conclusions of law. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive."); *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (noting that it is not the reviewing court's role to "reweigh the evidence or retry the case."). The reviewing court determines only whether the ALJ applied the correct legal standard and whether the ALJ's decision was supported by substantial evidence. *See Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). "Where the ALJ has reached a reasonable conclusion that is supported by substantial evidence in the record, the court will not . . . reject that conclusion even if it might have reached a contrary conclusion in the first instance." *Sloan v. Astrue*, No. 07-2240, 2008 WL 2561102, at *8 (D.Kan. June 26, 2008). Here, the Court's review of the ALJ decision was appropriately limited.

The Plaintiff also argues that the Court erred because it did not find that the ALJ committed error by failing to consider those quoted portions of his medical records. As

acknowledged by the Plaintiff, however, while "[t]he record must demonstrate that the ALJ considered all of the evidence, . . . an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996).  Plaintiff claims that the ALJ "did not discuss any evidence supporting his finding that the plaintiff was no longer disabled, and the record does not show that the ALJ considered any such evidence." Docket No. 23, p. 6.  The Court thoroughly refuted this contention in its previous Order. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED.**

Dated:  December 4, 2009